UNITED STATES DISTRICT COURT
for the
District of Oregon
Portland Division

FILED26 APR '24 13:51USDC-ORP

Case No.: 3:23 –CV–1695-AR
AMENDED COMPLAINT

DR. MARCIA BELL

Plaintiff

vs.

PROVIDENCE HEALTH AND SERVICES
- WASHINGTON, a Washington non-profit
corporation, and PROVIDENCE HEALTH
AND SERVICES – OREGON, an Oregon
non-profit corporation dba Providence Portland
Medical Center

Defendants

Jury Trial Requested

AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. JURISDICTION AND VENUE

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., Section (15)(a)(3) of the Fair Labor Standards Act (FLSA), 42 U.S. Senate Bill 1981, ORS 659 A 030 Retaliation, 483 Oregon State Employment Act, and 42 U.S. Code § 1983. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred within this district.

II. PARTIES

Plaintiff, Dr. Marcia Bell, is an individual residing in Oregon at: 3807 NE 16th Avenue - Portland, Oregon 97212. Defendant, Providence Health and Services NW Region Providence is a not-for-profit, integrated health care system operating multiple hospitals and medical clinics providing services across Alaska, California, Montana, New Mexico, Oregon, Texas, and Washington. Its headquarters are located at: 1801 Lind Avenue SW - Renton, Washington 98057 Providence Portland is located at: 4805 NE Glisan – Portland, Oregon 97212

BACKGROUND

III. Plaintiff, Dr. Marcia Bell, a racial and ethnic Black American female over the age of 40, of Catholic religion with the disability of clinical depression (treated), reports violations of Title VII in connection with her employment with Providence NW Region. Plaintiff, born on February 21, 1964, was 58 years old as of March 30, 2022, and has a record of reporting concerns of Civil Rights violations and potential unethical HR interviewing record-keeping practices at the place of the Defendant's business. Plaintiff applied for the Human Resources Business Partner position on February 28, fully qualified, with Job Announcement Nos.: 343372 and/or 351301. Plaintiff's credentials include but are not limited to the following.

Doctor of Business Administration

Master of Public Administration: Health Administration

Union Franchised Human Capital Placement Agency Owner since 2011

20 plus years of direct and related HR experience

Defendant's actions during the recruitment process constitute discriminatory practices and retaliation, creating a hostile work environment.

IV. FACTUAL ALLEGATIONS

A. Title VII Violations

Defendant, through its agents, engaged in discriminatory practices during the recruitment process, in violation of Title VII. These discriminatory acts began on or about March 3, 2022. Defendant retaliated against Plaintiff for reporting concerns of discrimination, creating a hostile work environment.

B. FLSA Violations

Defendant violated Section (15)(a)(3) of the Fair Labor Standards Act (FLSA) by failing to comply with the appropriate employment standards, leading to disparate treatment and unequal conditions of employment.

C. Oregon State Employment Law Violations

Defendant violated ORS 659 A 030 Retaliation and 483 Oregon State Employment Act by failing to address and rectify discriminatory practices and retaliating against Plaintiff for raising concerns.

D. Portland City Civil Rights Violations

Defendant is alleged to have violated Portland City Code Chapter 23.01 by discriminating in employment practices. Also, by failing to address and rectify discriminatory practices and retaliating against Plaintiff for raising concerns, as outlined in Portland City Code Chapter 23.01. These actions collectively constitute violations of federal, state, and local employment laws.

Moreover, Defendant's discriminatory and retaliatory actions violate Plaintiff's rights secured by 42 U.S. Code § 1983.

## V. VIOLATION OF 42 U.S. CODE § 1983

Defendant's discriminatory and retaliatory actions violate Plaintiff's rights secured by 42 U.S. Code § 1983, which provides a remedy for the deprivation of constitutional and statutory rights under color of state law. Plaintiff would also like to add the following tort, which was not available through EEOC channels:

A. Intentional Infliction of Emotional Distress

## VI. SPECIFIC ALLEGATIONS OF DISCRIMINATORY PRACTICES

A. Discrimination in the Interviewing Process – Disparate Standard of Care

The Human Resources Business Partner interview was initially scheduled for March 3, 2022. However, the interviewer, Timothy Cash did not show up nor could be located by an observing HRBP staff. The interview was rescheduled twice, with the interviewers failing in a similar way to appear each time. On the third attempt, Regina Breier, who stated that she was attending the interview only to observe, after unsuccessfully locating the absent panel members, conducted a brief and unprepared interview that was substantially shorter than the 45 minutes stated on the interview invitation. Dr. Bell alleges that Ms. Breier made a remark implying that she perceived Dr. Bell had no religion, which Dr. Bell included in her EEOC charge.

Moreover, Plaintiff alleges that Defendant failed to treat her with dignity and unlawfully discriminated against her in the hiring process. Plaintiff applied for a position within the Human Resources Department, disclosing her educational background and disability status. Specifically, Plaintiff disclosed her dates of graduation from college: 1986, date of master's degree: 1997, and date of doctorate degree: 2021, along with her disability status. Plaintiff contends that the decision-makers for the position were aware of this information.

Despite Plaintiff's qualifications and suitability for the position, Defendant hired another individual who did not share Plaintiff's age or educational background, nor did she have a disability. Plaintiff asserts that this decision was discriminatory and deprived her of fair and equal employment opportunities. Such actions constitute a failure to treat Plaintiff with dignity and a violation of her rights under applicable anti-discrimination laws. The Defendant demonstrated discriminatory practices, which were reflected in statements indicating a preference for candidates with 'experience in large corporations' but then hired another recent college graduate with less than the required experience over Dr. Bell, who possesses substantial HR management experience and advanced knowledge of HR theory. In its argument, Defendant diminished Plaintiff's education as immaterial to the HRBP position. Defendant's reliance on such preferences is consistent with empirical findings in employment studies and literature on race, age and disability based discrimination in executive settings in the US (see Neumark, 2024, Dahl & Knepper, 2023, Bateson, 2020, Moss, 2020).

VII. BREACHES OF CONTRACTUAL OBLIGATIONS: Intentional Infliction of Emotional Distress

A. Failure to Attend Scheduled Interviews: Defendant repeatedly breached its contract by failing to attend scheduled interviews without communication, violating the established terms.

B. Failure to Conduct Adequate Interviews: The interview on March 28, 2022, by Regina Breier breached the contract, being untimely, unprepared, and deviating from HR practices, including the absence of a structured behavioral model interview described in the interview invite.

C. Immediate Rejection Contrary to Contract Terms: The abrupt rejection following an abbreviated interview violated the contract's commitment to a thorough evaluation process, deviating from the printed 45-minute duration.

D. Refusal and Ignoring of Written Discrimination Concerns and Grievance Request: Defendant's repeated refusals to review and address the Plaintiff's concerns about unequal treatment further breached the contractual obligation to address employee concerns in good faith.

VIII. FAILURE TO ADDRESS DISCRIMINATION REPORTS

Defendant ignored all reports and a formal grievance of perceived discrimination and admits this in its EEOC Charge Position Statement. Defendant breached its own Anti-Discrimination, Anti-Harassment, and Retaliation policies and its Integrity and Compliance Code. Defendant failed to adhere to its written procedure for reporting harassment, discrimination, or retaliation.

IX. RETALIATION

After Plaintiff made reports of discrimination, Defendant stopped considering her for any more positions, violating retaliation protections. Plaintiff received rejection letters for positions she was qualified for, despite receiving invitations to apply.

X. EVIDENCE OF DISCRIMINATION AND RETALIATION

A. Comparative Evidence

Plaintiff researched HRBPs employed by the defendant on LinkedIn and found that the candidate selected for the same position, along with many other employees not sharing Plaintiff's comprehensive protected status, including new hires. Plaintiff spotted a recent hire who did not have the minimum requirement of five years HR management experience. Defendant's admissions and arguments in their EEOC charge response contradict the evidence and raise concerns about discriminatory practices.

B. False Records and Failure to Address Discrimination Concerns

The Defendant's actions during the recruitment process may indicate the creation of false records for subsequent activity audits. Mark Corpuz, an HR Adviser, based in the Philippines, indicated in an interview that he would forward Plaintiff's concerns of discrimination to Regina Breier. However, she nor any other of the Defendant executive staff reached out as indicated in their equity policies.

## XI. DAMAGES

Plaintiff suffered damages, including emotional distress, loss of employment opportunities, and reputational harm, as a result of Defendant's discriminatory and retaliatory actions.

## XII. DEMAND FOR RELIEF

Plaintiff seeks the following relief:

a. Compensatory Damages:

Front Pay: $130,000 per year (anticipated salary) Back Pay: Calculated from the date of the discriminatory actions until the present, with accrued interest. Emotional Distress: To compensate for the increased depression and desperation due to systemic racism.

b. Punitive Damages:

An amount sufficient to effectively deter Defendant from engaging in similar discriminatory practices in the future.

c. Injunctive Relief:

Implementation of comprehensive measures to address and eliminate discriminatory practices within Defendant's recruitment and hiring processes. Mandatory anti-discrimination training for all employees involved in the hiring process.

d. Attorney's Fees and Costs:

Reimbursement of all reasonable attorney's fees and costs incurred in bringing and litigating this action.

e. Any Further Relief Deemed Just and Proper by the Court:

Any additional relief necessary to fully redress the injuries and harm suffered by the Plaintiff.

## XIII. JURY DEMAND

I demand a trial by jury on all issues so triable.

## XIV. PRAYER FOR RELIEF

WHEREFORE, I pray for judgment against Defendant as follows:

a. For an award of compensatory damages, including front and back pay, to fully compensate for the economic losses and emotional distress suffered by the Plaintiff.

b. For an award of punitive damages to deter Defendant from engaging in similar discriminatory practices in the future.

c. For injunctive relief to rectify and prevent future discriminatory practices within Defendant's organization.

d. For an award of attorney's fees and costs incurred by the Plaintiff in pursuing this legal action.

e. For any other relief the Court deems just and proper to ensure a fair and equitable resolution in favor of the Plaintiff.

Respectfully submitted, Dr. Marcia Bell (Plaintiff, Pro Se)

Signed _Marcia Bell_ Dated _04/26/2024_ 3807 NE 16th Avenue Portland, Oregon 97212 support@organic-abundance.com 503 249 7874